# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MJALLI HADDAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-2472 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| Chicago Police Officers ) | |
| PETER MASHEIMER, Star No. 11993, ) | COMPLAINT FOR VIOLATION OF |
| RICHARD KAZIMIERSKI, Star No. 5289 ) | CIVIL RIGHTS AND SUPPLEMENTAL |
| M. GOLDEN, Star No. 15478, ) | STATE LAW CLAIMS |
| LT. M. PLATT, Star No. 577 ) | |
| UNKNOWN AND UNNAMED ) | |
| POLICE OFFICERS, ) | JURY DEMANDED |
| and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. | |

## **FIRST AMENDED COMPLAINT**

### **JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### **PARTIES**

3. At all times herein mentioned, Plaintiff, MJALLI HADDAD, resided within the jurisdiction of this court.

4. At all times herein mentioned, PETER MASHEIMER, Star No. 11993, ("MASHEIMER" or "individual defendant") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, RICHARD KAZIMIERSKI, Star No. 5289, ("KAZIMIERSKI" or "individual defendant") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, M. GOLDEN, Star No. 15478, ("GOLDEN" or "individual defendant") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, LT. M. PLATT, Star No. 577, ("PLATT" or "individual defendant") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, UNKNOWN AND UNNAMED OFFICERS were employed by the City of Chicago Police Department and were acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. These Defendants are being sued in their individual capacities. Upon discovery of their identities, Plaintiff will amend the complaint to add them as defendants.

9. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the City of Chicago Police Department.

**FACTUAL ALLEGATIONS**

10. On or about August 16, 2011, Plaintiff was working as a barber in his barbershop at 3151 N. Long in the City of Chicago, Cook County, in the State of Illinois.

11. On that date, Plaintiff called 911 to complain about the behavior of his neighbors.

12. Chicago police officers MASHEIMER and KAZIMIERSKI arrived on scene.

13. MASHEIMER and KAZIMIERSKI arrested Plaintiff.

14. There was no probable cause to arrest Plaintiff.

15. MASHEIMER and KAZIMIERSKI used force on Plaintiff.

16. There was no reason to use this amount of force—or any force—on Plaintiff.

17. Plaintiff was transported to the police station.

18. MASHEIMER, KAZIMIERSKI, or both caused Plaintiff to be charged with aggravated assault.

19. MASHEIMER, KAZIMIERSKI, or both caused Plaintiff to be charged with failure to have a business license.

20. There was no probable cause for either of these charges.

21. On or about August 17, 2011, Plaintiff was lawfully leaving the police station.

22. Plaintiff informed police department personnel that he was missing his identification card.

23. Plaintiff asked the staff at the police station for his identification card.

24. Instead of giving him his identification card or explaining why they could not do so, GOLDEN, PLATT and UNKNOWN and UNNAMED POLICE OFFICERS arrested Plaintiff and locked him behind bars again.

25. GOLDEN, PLATT, or both caused Plaintiff to be charged with violating bail bond for this incident.

26. GOLDEN, PLATT, or both caused Plaintiff to be charged with disorderly conduct for this incident.

27. There was no probable cause for either of these charges.

28. The charge of violating bail bond was dismissed way of a SOL motion by the State's Attorney on or around August 18, 2011.

29. The charge of disorderly conduct was dismissed by way of a non-suit motion by the City's attorney on or around August 18, 2011.

30. The charge of failure to have a business license was dismissed by a non-suit motion by the City's attorney on December 15, 2011.

31. Plaintiff was found not guilty of aggravated assault on December 15, 2011.

32. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to financial loss, physical pain and discomfort and humiliation and indignities; and he suffered great mental and emotional pain and suffering, all to his damage in an amount to be ascertained.

33. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages against the individual defendants in an amount to be ascertained according to proof at the time of trial.

34. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I: AGAINST MASHEIMER AND KAZIMERKSI FOR EXCESSIVE FORCE**

35. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

36. By reason of the conduct by Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

37. Defendants' actions of grabbing Plaintiff and causing him to cut his hand were unreasonable and excessive and in violation of Plaintiffs' Fourth and Fourteenth Amendment Rights. Therefore, MASHEIMER and KAZIMERKSI are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II: AGAINST MASHEIMER AND KAZIMIERSKI FOR FALSE ARREST**

38. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

39. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

40. The arrest of Plaintiff on August 16, 2011 at his barbershop was caused by these Defendants and was done without probable cause and was unreasonable. Therefore, MASHEIMER and KAZIMIERSKI are liable for this arrest under 42 U.S.C ¶ 1983.

**COUNT III: AGAINST MASHEIMER, KAZIMIERSKI AND CITY OF CHICAGO FOR MALICIOUS PROSECUTION: AGGRAVATED ASSAULT CHARGE**

41. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

42. Defendants and each of them caused the false criminal charge of aggravated assault to be brought against Plaintiff.

43. Defendants and each of them, while employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued these criminal proceedings against Plaintiff without probable cause.

44. As a result, Plaintiff was injured emotionally, financially, and otherwise.

45. Defendants and each of them facilitated this malicious prosecution in one or more of the following ways: creating or coercing false criminal complaints; providing false evidence; telling false stories to prosecutors; and creating false reports that were relied upon by prosecutors.

46. The criminal proceeding against Plaintiff terminated in his favor.

47. The CITY OF CHICAGO is liable to Plaintiff for the acts of MASHEIMER and KAZIMIERSKI pursuant to the doctrine of *respondeat superior*.

48. Therefore, MASHEIMER, KAZIMIERSKI and the CITY OF CHICAGO are liable under the state supplemental claim of Malicious Prosecution.

**COUNT IV: AGAINST MASHEIMER, KAZIMIERSKI AND CITY OF CHICAGO FOR MALICIOUS PROSECUTION: FAILURE TO HAVE A BUSINESS LICENSE**

49. Plaintiff hereby incorporates and re-alleges paragraphs (1) through thirty-three (33) hereat as though fully alleged at this place.

50. Defendants and each of them caused the false criminal charge of failure to have a business license to be brought against Plaintiff.

51. Defendants and each of them, while employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued these criminal proceedings against Plaintiff without probable cause.

52. As a result, Plaintiff was injured emotionally, financially, and otherwise.

53. Defendants and each of them facilitated this malicious prosecution in one or more of the following ways: creating or coercing false criminal complaints; providing false evidence; telling false stories to prosecutors; and creating false reports that were relied upon by prosecutors.

54. The criminal proceeding against Plaintiff terminated in his favor.

55. The CITY OF CHICAGO is liable to Plaintiff for the acts of MASHEIMER and KAZIMIERSKI pursuant to the doctrine of *respondeat superior*.

56. Therefore, MASHEIMER, KAZIMIERSKI and the CITY OF CHICAGO are liable under the state supplemental claim of Malicious Prosecution.

### COUNT V: AGAINST GOLDEN, PLATT AND UNKNOWN AND UNNAMED OFFICERS FOR FALSE ARREST

57. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

58. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

59. The arrest of Plaintiff on August 17, 2011 in the police station was caused by these Defendants and was done without probable cause and was unreasonable. Therefore, GOLDEN, PLATT, and UNKNOWN AND UNNAMED OFFICERS are liable for this arrest under 42 U.S.C ¶ 1983

### COUNT VI: AGAINST GOLDEN, PLATT, AND THE CITY OF CHICAGO FOR MALICIOUS PROSECUTION: VIOLATION OF BAIL BOND

60. Plaintiff hereby incorporates and re-alleges paragraphs (1) through thirty-three (33) hereat as though fully alleged at this place.

61. Defendants and each of them caused the false criminal charge of violation of bail bond to be brought against Plaintiff.

62. Defendants and each of them, while employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued these criminal proceedings against Plaintiff without probable cause.

63. As a result, Plaintiff was injured emotionally, financially, and otherwise.

64. Defendants facilitated this malicious prosecution in one or more of the following ways: creating or coercing false criminal complaints; providing false evidence; telling false stories to prosecutors; and creating false reports that were relied upon by prosecutors.

65. LT. PLATT facilitated this malicious prosecution by one or more of the above, and/or by ordering GOLDEN to create a false criminal complaint.

66. The criminal proceeding against Plaintiff terminated in his favor.

67. The CITY OF CHICAGO is liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

68. Therefore, GOLDEN, LT. PLATT, and the CITY OF CHICAGO are liable under the state supplemental claim of Malicious Prosecution.

**COUNT VII: AGAINST GOLDEN, LT. PLATT, AND THE CITY OF CHICAGO FOR MALICIOUS PROSECUTION: DISORDERLY CONDUCT**

69. Plaintiff hereby incorporates and re-alleges paragraphs (1) through thirty (30) hereat as though fully alleged at this place.

70. Defendants and each of them caused the false criminal charge of disorderly conduct to be brought against Plaintiff.

71. Defendants and each of them, while employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued these criminal proceedings against Plaintiff without probable cause.

72. As a result, Plaintiff was injured emotionally, financially, and otherwise.

73. Defendants facilitated this malicious prosecution in one or more of the following ways: creating or coercing false criminal complaints; providing false evidence; telling false stories to prosecutors; and creating false reports that were relied upon by prosecutors.

74. LT. PLATT facilitated this malicious prosecution by one or more of the above, and/or by ordering GOLDEN to create a false criminal complaint.

75. The criminal proceeding against Plaintiff terminated in his favor.

76. The CITY OF CHICAGO is liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

77. Therefore, GOLDEN, LT. PLATT, and the CITY OF CHICAGO are liable under the state supplemental claim of Malicious Prosecution.

**COUNT VIII: Against the CITY OF CHICAGO for STATUTORY LIABILITY UNDER 745 ILCS 10/9-102**

78. Plaintiffs hereby incorporates and reallege paragraphs one (1) through seventy-two (72) hereat as though fully set forth at this place.

79. Pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee police officer, acting within the scope of his/her employment, is found liable.

80. The acts and/or omissions of Individual Defendants and each of them were committed within the scope of their employment.

81. In the event that a judgment for compensatory damages is entered against Individual Defendants and/or any of them, the City of Chicago must pay the judgment as well as the associated attorneys' fees and costs.

WHEREFORE, Plaintiff, MJALLI HADDAD, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual officer Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Julie O. Herrera
Julie O. Herrera
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
(312) 853-3489 FAX
jherrera@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    <u>s/ Julie O. Herrera</u>
                    Julie O. Herrera
                    ED FOX & ASSOCIATES
                    300 West Adams, Suite 330
                    Chicago, Illinois 60606
                    (312) 345-8877
                    (312) 853-3489 FAX
                    jherrera@efox-law.com